UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ADAM L. HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-30182-MGM |
| | ) | |
| WILLIAM ZEITLER et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION FOR SUMMARY
DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)(ii)
(Dkt. No. 21)

ROBERTSON, U.S.M.J.

In this action, Plaintiff Adam L. Hall ("Plaintiff"), a prisoner proceeding *pro se*, filed suit against sixteen alleged members of the Warlocks – Hell's Angels Motorcycle Club of Berkshire County, Massachusetts under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 – 1968, in connection with their alleged deprivation of certain of his personal property. Plaintiff sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and the court entered an order allowing Plaintiff's motion and assessing an initial partial filing fee of $38.32 (Dkt. No. 7). Nonetheless, pursuant to 28 U.S.C. § 1915(e)(2), the court dismissed Plaintiff's complaint without prejudice for failure to state a claim and entered a judgment of dismissal on June 2, 2016.

Thereafter, Plaintiff filed the instant motion, which he styles a request for injunctive order (Dkt No. 21). Plaintiff does not list any of the sixteen individual named defendants in the case caption on the pleading, however. Instead, he lists the "Superior Court," and, in the body of the pleading, he explains that he is seeking an order from this court requiring the Suffolk County

Superior Court to bring Plaintiff before it.  Plaintiff proposes three grounds for relief, each of which the court addresses in turn.

First, Plaintiff asserts that Berkshire District Attorney David Capeless and Alan Black, Plaintiff's defense counsel in the criminal proceeding that led to his current incarceration, conspired to violate Mass. Gen. Laws ch. 265, § 13L, which makes it a criminal offense in Massachusetts for a person to engage in wanton or reckless conduct creating a substantial risk of serious bodily injury to a child or to fail to take reasonable steps to alleviate such risk where there is a duty to act, with respect to Plaintiff's minor daughter.  The conspiracy charge is premised on allegations that Capeless and Black were aware that two of the Commonwealth's trial witnesses, including the child's mother and a friend of the child's mother, had abused her, but neither reported it to the police.  Even if Plaintiff's allegations are true and could form the basis for a charge under Mass. Gen. Laws. ch. 265, § 13L, they would not entitle Plaintiff to the relief he seeks, namely an order to the Suffolk Superior Court to bring Plaintiff before it.  Moreover, this court is not a forum for pursuing a criminal complaint for an alleged violation of Massachusetts state law.

Second, Plaintiff asserts that his federal due process rights were violated during the criminal proceeding.  Whether or not Plaintiff's due process rights were violated is not properly before the court.  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), state prisoners are required to exhaust their available state remedies before petitioning the federal courts for habeas relief, 28 U.S.C. § 2254(b)(1)(A), "thus giving the state the first 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Josselyn v. Dennehy*, 475 F.3d 1, 2 (1st Cir. 2007) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  Pending resolution of Plaintiff's direct appeal of his first degree murder conviction, *see*

Supreme Judicial Court for the Commonwealth of Massachusetts Case Docket SJC-11952 (*Commonwealth v. Adam L. Hall*), this court does not have jurisdiction to review Plaintiff's allegations of federal due process violations, even if he had properly raised them in a federal habeas petition rather than in this terminated civil proceeding.

Finally, Plaintiff claims that the Florida correctional facility in which he is currently being held is refusing to allow him to pay the $38.32 initial filing fee assessed by the court, which is preventing him from pursuing this litigation. However, this civil matter has been dismissed not for Plaintiff's failure to pay the assessed partial initial filing fee, but rather for failure to state a claim. Thus, Plaintiff is not entitled to the relief he seeks, or to any relief, on this ground.

For these reasons, the court recommends that Plaintiff's request for injunctive relief be denied.[1]

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: July 21, 2016

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.